**DENY and Opinion Filed February 23, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00358-CV**

**IN RE AM RE SYNDICATE, INC. AND SHEVAWN BARDER, Relators**

**Original proceeding from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-21-00683-D**

## MEMORANDUM OPINION
Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Myers

Relators Am Re Syndicate, Inc. and Shevawn Barder petition this Court for a writ of mandamus ordering the trial court to grant relators' motion to dismiss this cause because, they contend, a forum- or venue-selection clause in a contract requires venue for the underlying lawsuit in Oklahoma County, Oklahoma. We have reviewed the petition for writ of mandamus, the response of the real party in interest, and the record presented by the parties. We deny the petition for writ of mandamus.

Mandamus relief is available to enforce forum-selection agreements because there is no adequate remedy by appeal when a trial court abuses its discretion by refusing to enforce a valid forum-selection clause that covers the dispute. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 675 (Tex. 2009) (orig. proceeding) (per

curiam). We review the trial court's decision whether to enforce a forum-selection clause for an abuse of discretion, deferring to the trial court's factual determinations if they are supported by the evidence, but we review the trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). As there were no findings of fact or conclusions of law here, we infer that the trial court made all fact findings that have support in the record and are necessary to uphold the ruling. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007).

Real party in interest sued relators alleging relators breached a contract, committed fraud because they entered into the contract with no intent to perform, tortious interference with contract, and that relators conspired to commit those torts. The contract real party alleged relators breached contained a forum- or venue-selection clause stating:

> This Agreement has been made and entered into in the State of Oklahoma and the Agreement shall be subject to and construed under the laws of the State of Oklahoma. This agreement shall be deemed performable at the Company's administrative office in Oklahoma City, Oklahoma, and *it is agreed that the venue of any controversy arising out of this Agreement, or any breach thereof, shall be in Oklahoma County, Oklahoma.*

(Emphasis added.)

Relators moved to dismiss the suit, arguing exclusive venue for the suit lay in Oklahoma because the controversy arose out of that contract. Relators were not parties to the contract, but Am Re was the agent of one of the parties, GIC, Inc., and Barder was the CEO of Am Re. Relators argued that because real party sued them

–2–

for breach of contract and for fraud based on having no intent to perform the contract, the controversy arose out of the contract, and real party was estopped to deny that relators were parties to the contract. Real party argued that the controversy did not arise out of the contract, that relators lacked capacity and standing to assert the forum- or venue-selection clause, and that the clause was not enforceable because it was not mandatory. The trial court denied relators' motion to dismiss, and relators brought this petition for writ of mandamus.

While the petition for writ of mandamus was pending in this Court, real party filed its second amended petition in the trial court. The second amended petition no longer alleges breach of contract or fraud. Instead, it alleges relators committed misappropriation of trade secrets, tortiously interfered with contracts and business relations by driving away real party's customers and by telling real party's customers to cancel or not renew their policies, and conspired to commit those torts. Additionally, Am Re's principal, GIC, Inc., who is a party under the contract, revoked Am Re's agency authority. Real party filed a motion in the trial court requesting that relators be compelled to show authority to represent GIC, Inc. The trial court granted that motion and ruled, "AM RE has no authority or capacity to act for GIC as of November 18, 2021." Real party argues that under the second amended petition, the controversy does not arise out of the contract and relators have no standing to assert the forum- or venue-selection clause in the contract.

We agree with real party that the controversy does not arise out of the contract and that relators lack capacity and standing to assert the forum- or venue-selection clause.  We deny the petition for writ of mandamus.


210358f.p05

/Lana Myers/
LANA MYERS
JUSTICE